UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-793(DSD/JSM)

Darwood Ekness and
Cheryl Ekness,

      Plaintiffs,

v.                                                   **ORDER**

Bank of America, N.A., BAC
Home Loans Servicing, LP
f/k/a Countrywide Home Loans
Servicing, LP, Federal Home
Loan Mortgage Corporation,
Peterson, Fram & Bergman, P.A.,
Steven H. Bruns Mortgage
Electronic Registration Systems,
Inc., John Does 1 thru 100,

      Defendants.

    No appearance on behalf of plaintiffs.

    Mark G. Schroeder, Esq. and Briggs & Morgan, PA, 80 South Eighth Street, Minneapolis, MN 55402 and Jared M. Goerlitz, Esq. and Peterson, Fram & Bergman, PA, 55 East Fifth Street, Suite 800, St. Paul, MN 55101, counsel for defendants.

This matter is before the court upon the motions to dismiss by defendants.[1] Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motions.

---

[1] Defendants include Bank of America, N.A. (BOA); BAC Home Loan Servicing LP, formerly known as Countywide Home Loan Servicing, LP (BAC); Federal Home Loan Mortgage Corporation; Mortgage Electronic Registration Systems, Inc. (MERS); and Peterson, Fram and Bergman, P.A. and Steven H. Bruns (collectively, PFB).

**BACKGROUND**

This mortgage dispute arises out of the foreclosure on property owned by plaintiff Darwood Ekness.[2] In June 2005, Ekness executed a note and mortgage with Bremer Bank National Association (Bremer Bank) for property located at 610 West Marshall Street in Marshall, Minnesota (property). Schroeder Aff. Exs. A-B. MERS served as nominee for Bremer Bank. Ver. Compl. ¶ 12. In December 2010, MERS assigned the mortgage to BAC.[3] Schroeder Aff. Ex C. On September 29, 2011, the assignment was recorded in Lyon County, Minnesota. Id. Bruns acknowledged the assignment as Vice President of MERS. Id.

Following the assignment, Ekness defaulted on the mortgage. Ver. Compl. ¶ 11. Thereafter, Ekness requested a loan modification, which BOA denied. Id. BOA foreclosed on the property and held a sheriff's sale on May 7, 2012. Id. ¶ 19. PFB represented BOA during the foreclosure. Id. ¶ 15.

On March 11, 2013, the Eknesses filed this pro se complaint in Minnesota court, alleging fraud, claims under Minnesota Statutes

---

[2] Though the property was owned by Darwood Ekness, Cheryl Ekness, his wife, is also a plaintiff in this action.

[3] BOA is the successor by merger to BAC. See Arzt v. Bank of Am., N.A., 883 F. Supp. 2d 792, 794 (D. Minn. 2012).

§§ 580.041, 580.03, 580.02 and 58.13 and a violation of the Real Estate Settlement Procedures Act (RESPA). Defendants timely removed[4] and move to dismiss.

**DISCUSSION**

**I.  Standard of Review**

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citations and internal quotation marks omitted)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (citing Bell Atl. Corp. v. Twombly,

---

[4] Federal courts are courts of limited jurisdiction. Thomas v. Basham, 931 F.2d 521, 522 (8th Cir. 1991). As such, the court "has a special obligation to consider its own jurisdiction." Id. at 523 (citation omitted).
  Defendants claim that original jurisdiction exists pursuant to 28 U.S.C. § 1332(a). See Notice Removal ¶ 12. In the present action, however, the parties are not completely diverse. See id. ¶ 27. Nevertheless, for the reasons that follow, the court concludes that no reasonable claims exist against the non-diverse PFB defendants, and that they were fraudulently joined. See Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 546 (8th Cir. 2013) ("[W]e recently concluded that nearly identical claims against a resident law firm had no reasonable basis in law and fact under Minnesota law and constituted fraudulent joinder." (citation omitted)). As a result, diversity jurisdiction exists, and removal of the matter was proper.

3

550 U.S. 544, 556 (2007)). Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level. See Twombly, 550 U.S. at 555. "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim. Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

The court does not consider matters outside the pleadings under Rule 12(b)(6). See Fed. R. Civ. P. 12(d). The court, however, may consider matters of public record and materials that do not contradict the complaint, as well as materials that are "necessarily embraced by the pleadings." See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted). Here, the Note, Mortgage, Assignment and Certificate of Sheriff's Sale are public records and necessarily embraced by the complaint. See Schroeder Aff. Exs. A-D.

**II. Fraud**

The Eknesses first argue that the foreclosure and sheriff's sale were invalid because the defendants committed fraud. Specifically, the Eknesses argue that defendants "jointly and together manufactured a false and fraudulent assignment" and "had no authority to assign" the mortgage. Ver. Compl. ¶¶ 34-36. Under Minnesota law, to prove common law fraud, a plaintiff must show (1) a false representation of material fact, (2) knowledge of the

4

representation's falsity by the person making the representation, (3) intent that another person relies on the false representation or circumstances justifying reliance by the other person, (4) reasonable reliance on the false representation and (5) damages attributable to the false representation. In re Strid, 487 N.W.2d 891, 893-94 (Minn. 1992).

Fraud claims, however, must be pleaded with particularity under Federal Rule of Civil Procedure 9(b). The requirements of Rule 9(b) are read "in harmony with the principles of notice pleading," and the level of particularity required depends upon the nature of a case. Schaller Tel. Co. v. Golden Sky Sys., Inc., 298 F.3d 736, 746 (8th Cir. 2002) (citation and internal quotation marks omitted). However, "[c]onclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." Id. (citation and internal quotation marks omitted). To satisfy the heightened pleading requirement, a plaintiff must set forth the "who, what, where, when, and how" of an alleged fraud. United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006) (citation and internal quotation marks omitted). In other words, a plaintiff must plead "the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what

5

was obtained or given up thereby." BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007) (citation and internal quotation marks omitted).

Here, the Eknesses plead no specific facts in support of the fraud claim, and their bare conclusory statements do not meet the requirements of Rule 9(b). Indeed, "the plaintiffs' pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation that transfers ... and assignments of the notes were invalid." Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013) (citations omitted). As a result, dismissal of the fraud claim is warranted.[5]

## III. Minnesota Statutes § 58.13

The Eknesses next allege a claim under Minnesota Statutes § 58.13. Specifically, the Eknesses argue that BOA denied them an opportunity to apply for a loan modification prior to the sheriff's sale. Section 58.13 outlines the standards of conduct required of residential mortgage originators and servicers. The Eknesses have not alleged which subsection of § 58.13 the defendants have violated by denying their request for modification, and this

---

[5] The Eknesses also argue claims under Minnesota Statutes §§ 580.041, 580.03 and 580.02. Each of these claims, however, is premised on allegations that the assignment was "fraudulent and false." See Ver. Compl. ¶¶ 26, 28, 31. As already explained, the Eknesses have not adequately pleaded their fraud claim, and dismissal is also warranted on the derivative claims under Minnesota Statutes Chapter 580.

6

failure alone warrants dismissal. Moreover, although violations of § 58.13 may be remedied through a private right of action under Minnesota Statutes § 58.18, a borrower has no private right of action if the mortgage originated with a state-chartered or federally-chartered bank. See Minn. Stat. § 58.18, subdiv. 4. Here, the mortgage at issue originated with Bremer Bank. See Schroeder Aff. Ex. A. For this additional reason, dismissal of the § 58.13 claim is warranted.

**VI. RESPA**

The Eknesses next allege a claim under RESPA. Specifically, the Eknesses argue that they never received notice of the assignment of their mortgage. RESPA requires "[e]ach servicer of any federally related mortgage loan ... [to] notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." 12 U.S.C. § 2605(b)(1). The remedy for failure to do so, however, is limited to "any actual damages to the borrower as a result of the failure" Id. § 2605(f)(1)(A).[6] The Eknesses do not allege that they suffered actual damages as a result of the alleged lack of notice. Ver. Compl at Prayer for Relief; see Tyus v. OWB REO, LLC, No. 11-1773, 2011 WL 6101919, at *3 (D. Minn. Oct. 25, 2011) (Boylan, C.M.J.), adopted by 2011 WL

---

[6] Where a plaintiff proves a "pattern or practice of noncompliance" with the requirements of RESPA, a court has discretion to award additional damages. 12 U.S.C. § 2605(f)(1)(b). The Eknesses have not alleged a "pattern or practice of noncompliance."

7

5854706 (Nov. 21, 2011) ("A claim under RESPA ... requires a showing that the violation proximately caused the plaintiff's damages." (alteration in original) (citation and internal quotation marks omitted)). As a result, even if the Eknesses could demonstrate a violation of § 2605, dismissal of the RESPA claim is warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motions to dismiss [ECF Nos. 4, 7] are granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 18, 2013

s/David S. Doty  
David S. Doty, Judge  
United States District Court